State v. Turner

STATE OF NORTH CAROLINA v. OTIS ODELL TURNER

No. 7520SC38

(Filed 2 April 1975)

1. **Constitutional Law § 32— failure to appoint counsel — waiver of counsel**

    The trial court did not err in failing to appoint counsel to represent defendant where defendant effectively waived counsel after being fully informed by the court that he was entitled to representation, that if he could not afford a lawyer, one would be appointed for him, and that he was subject to a prison sentence if convicted.

2. **Automobiles § 3— driving while license suspended — sufficiency of evidence**

    The evidence was sufficient to support a jury verdict finding defendant guilty of driving on a public highway while his license was suspended.

APPEAL by defendant from *Webb, Judge.* Judgment entered 15 August 1974 in Superior Court, MOORE County. Heard in the Court of Appeals 19 March 1975.

Defendant was tried in district court on a warrant charging him with operating a motor vehicle on a public highway while his operator's license was suspended. He was found guilty in that court and from judgment imposed, appealed to superior court where he pleaded not guilty. A jury found him guilty as charged and from judgment imposing prison term of six months, he appealed to this court.

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for the State.*

*Smith & Thigpen, by J. Stephen Gaydica III, for defendant appellant.*

BRITT, Judge.

[1] By his first assignment of error, defendant contends the superior court erred in not appointing counsel to represent him at his trial. We find no merit in the assignment. The record clearly discloses that defendant effectively waived counsel after being fully informed by the court that he was entitled to representation, that if he could not afford a lawyer, one would be appointed for him, and that he was subject to a prison sentence if convicted.

[2] By his other assignment of error, defendant contends the evidence was insufficient to support the verdict and the judgment. This assignment has no merit. After a careful review of the testimony presented at trial, we conclude that the evidence was sufficient to support the verdict and the judgment and no worthwhile purpose would be served in relating the testimony here.

No error.

Judges HEDRICK and MARTIN concur.